Let the injunction be modified so as to conform with this opinion.

The application for a receiver is denied, but without costs.

JOHN OUTCALT v. WILLIAM DISBOROUGH, junior.

It is a general rule, that the party seeking to be protected by injunction in the possession or enjoyment of real property, must shew a right, and such a right as the court will feel bound upon his own showing to protect against the act of the defendant.

In applications for injunctions to stay waste, the rule is strict. In such cases the parties generally claim under adverse rights; and unless the complainant will show a sufficient title in himself, the court will not interfere, but leave him to his legal remedy.

But where the gravamen of the case is, that the defendant fraudulently purchased the property of the complainant, if the complainant's right is stated in such way as to authorize him to come in and complain of the fraud, and entitle him to relief against it, it is sufficient.

The mere purchase of property at sheriff's sale for a nominal consideration, raises no equity, unless coupled with fraud.*

BILL for injunction and relief, filed November twelfth, 1834. The object of the bill is to avoid and set aside a sale of the com-

---

* Mere inadequacy of price is not sufficient to set aside a sheriff's sale: *Bank* v. *Hassert, Saxton,* 1; *Executor of Simmons* v. *Vandegrift, Ibid,* 55; *Livingston* v. *Byrne,* 11 *John. R.* 566. See also *Seaman* v. *Riggins,* ante, vol. 1, page 217; *Hoagland* v. *Hoagland,* ante, vol. 1, page 501.

[Outcalt v. Disborough.]

plainant's real estate, made by virtue of an execution issued out of the supreme court of this state, at the suit of one John H. Disborough, against the complainant. The property was sold by Abraham Cruser, esquire, sheriff of the county of Middlesex, on the tenth day of March, 1834, and struck off in two separate parcels, to William Disborough, junior, the defendant in the bill, for the nominal sum of forty-one dollars in the aggregate. A deed in pursuance of the sale, was delivered by the sheriff to Disborough, the purchaser, on the fourteenth of March, four days after the sale. Declarations in ejectment, in the name of William Disborough, junior, as lessor of the plaintiff, were served upon the tenants in possession of the premises, with notice to appear at the November term of the supreme court. The bill charges, that the sale by the sheriff was fraudulent, and that the property of the complainant, worth at least four thousand dollars, was sacrificed for a mere nominal consideration, to the great injury of the complainant. The bill prays that the sale may be declared void, and that the sheriff's deed, executed in pursuance of the said sale, may be set aside and delivered up to be cancelled, or that the defendant may be decreed to reconvey the premises to the complainant; that the complainant may be restored in all things to his rights and property as they existed previous to such sale, and that the defendant may be enjoined from further proceedings at law for the recovery of the premises until the further order of the court. An injunction issued, pursuant to the prayer of the bill. The defendant having filed his answer, moved to dissolve the injunction.

*Disborough* and *Williamson*, in support of the motion.

*C. L. Hardenburgh* and *Wall*, for complainant, contra.

The Chancellor. Two points have been made by the defendant in support of the motion to dissolve the injunction granted in this case. The *first* is, that there is no equity in the bill, and therefore the injunction ought never to have been grant-

[Outcalt v. Disborough.]

ed. The *second* is, that the equity of the bill, if there be any, has been fully answered.

The injunction was allowed upon this case made by the bill; that the sheriff of the county of Middlesex had, under an execution in his hands, advertised certain property in the city of New-Brunswick, and certain other property near South River, in the said county, as the property of the complainant, and which had been levied on as such; that the complainant, not being prepared to pay the money, sent his son, John D. Outcalt, as his agent, to the sheriff at the time and place appointed for the sale, to request an adjournment; that the sheriff, though advised by the defendant, Disborough, that he had no right to adjourn, did, after taking advice from others, and understanding that he had a discretionary power to adjourn, agree to postpone the sale to some future day, and informed the said John D. Outcalt that he would adjourn it; that after the agent went away, the sheriff proceeded with the sale, and sold the property to the said Disborough for a merely nominal sum—the property in New-Brunswick for twenty-one dollars, and the property at South River for twenty dollars; that the property has been in the uninterrupted possession of the complainant for forty years, and is worth at least four thousand dollars; that the sheriff has made out deeds for the same to the said Disborough, who is seeking to dispossess the complainant by ejectment. The bill then charges, that the sale by the sheriff, and the purchase by Disborough, under such circumstances, was a fraud upon the rights of the complainant; was illegal and unjust, a violation of equity, and a sacrifice of his property and estate, under color of the forms of law; and prays an injunction.

The objection to the bill for want of equity, was put upon the ground, that the plaintiff had not set out his title to or interest in the property; that unless that was done, the court could not judge whether there had been any sacrifice of interest by the sale or not, and unless such injury was clearly shown there was nothing to sustain the injunction.

It is a general rule, that the party seeking to be protected by

[Outcalt v. Disborough.]

injunction in the possession or enjoyment of real property, must show a right; and it must be such a right as the court will feel bound to protect upon his own showing, against the act of the defendant. In applications for injunctions to stay waste, the rule is strict. In such cases the parties generally claim under adverse rights; and unless the complainant will show a sufficient title in himself, the court will not interfere, but leave him to his legal remedy : *Field* v. *Jackson*, 2 *Dick.* 599 ; *Whitelegg* v. *Whitelegg*, 1 *Bro. C. C.* 57. When the title is a disputed one, the injunction will be refused : *Smith* v. *Collyer*, 8 *Vesey*, 89 ; and lord Eldon said, in that case, he remembered, when if a plaintiff stated that the defendant claimed by an adverse title, he stated himself out of court.

From the very nature of the proceedings in simple injunction cases to stay waste, the propriety of this principle is evident, especially where the defendant is stated to have an adverse claim ; and there are many reasons why it should be strictly adhered to, that are not fully applicable to a case like the present. Here the defendant is not stated as claiming under any adverse title or right. Whatever right or title he may have, it is just what he has derived from the complainant, through the sheriff, and no more. The defendant cannot gainsay the title of the complainant, whatever it may be ; at least, no such pretence is set up in the bill, and we are of course to look on him as holding simply the title of the complainant.

Again : This controversy does not involve, or call in question, the title of the respective parties. That is not the object of the bill. Nor is it framed in reference to the settlement of any dispute about the title. The gravamen of the case is, that the defendant fraudulently purchased the property of the complainant for a nominal consideration, when it was worth at least four thousand dollars ; and if the complainant's right or interest is stated in such way as to authorize him to come in and complain of the fraud, and entitle him to relief against it, I apprehend it is sufficient. My impression is, that the complainant's right is so stated. He sets out in the first place, that the property was levied on by the sheriff as
28

his property, and sold as his property; that the premises are worth at least four thousand dollars; that he has been in the uninterrupted possession of them for about forty years, and that parts of them are in the hands of tenants holding under a lease from him. He then charges, that the sale was a fraud upon his rights, illegal and unjust, and a sacrifice of his property and estate; and that the defendant is seeking to obtain possession of the premises, and thus deprive him of his property.

If it was property and estate which he has possessed without interruption for forty years, and if such sale was fraudulent and a sacrifice of his estate, he is entitled, prima facie, to be protected against the alleged fraud of the purchaser, until the coming in of the answer and the further order of the court.

The second ground taken for dissolving the injunction is, that the equity of the bill is answered. In this, I think the defendant is right.

The case rests entirely on the charge of fraud in Disborough, the purchaser, in advising the sheriff that he had no right to adjourn, when such adjournment was requested by John D. Outcalt; and in purchasing the property for a nominal sum, knowing that the sheriff had agreed to adjourn. Now Disborough expressly denies that he was present when Outcalt and Cruser were conversing on the day of sale. He denies that he told the sheriff he had no right to adjourn the sale, or that he either urged or advised him not to adjourn it. He further denies that he was present at any conversation, or heard any conversation, between the said John D. Outcalt and the sheriff on the day of sale, or at any other time, in relation to the adjournment of the sale; that he does not know that the sheriff had informed or promised Outcalt that he would adjourn the sale, and believes he did not so inform or promise him.

This is a complete denial of the equity as against Disborough. The simple purchase of the property at sheriff's sale, for a nominal consideration, raises no equity, unless coupled with fraud. He did not instigate the sale. He knew of no agreement between the sheriff and Outcalt, that the sheriff was to

[Outcalt v. Disborough.]

adjourn it to a future day. He did not know that on faith of that promise Outcalt had returned home; and therefore his purchase, though for a nominal sum, must be taken to have been bona fide.

It is charged in the bill that the sheriff promised to adjourn, and then sold in violation of his promise; and it is alleged that this charge is not sufficiently answered. Suppose it to be so, it does not alter the case. Admit the fact as stated, that here was a gross fraud on the part of the officer, can that fraud be transferred to the purchaser and charged upon him, when he knew nothing of it? This defendant is not to answer for the fraud or malconduct of the sheriff. The sheriff is no party to this suit. The purchaser is proceeded against alone, and his answer is sufficient to protect him.

The court does not wish to be understood as intimating, that where a sheriff has thus deceived a party in execution, and proceeded to sell his property at a great sacrifice, in violation of a solemn promise, even to an innocent purchaser, that there is no remedy. It is enough to say, that this bill is not framed to meet a case of that description; and the equity of the case as presented by it having been fully denied, I am of opinion that the injunction should be dissolved.

Injunction dissolved.